UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, AND
TRAINING PROGRAM FUND;
JOHN J. VIRGA *in his fiduciary capacity as
director*; *and* ROBERT BONANZA *as Business
Manager of the Mason Tenders District Council
of Greater New York*,

                                  Petitioners,

                    – against –

PREVEZA CONSTRUCTION CORP.,

                                  Respondent.

**<u>OPINION & ORDER</u>**

15 Civ. 7195 (ER)

<u>Ramos, D.J.:</u>

 The Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund,

Annuity Fund, and Training Program Fund (the "Funds"), along with the associated labor-

management organization, the Mason Tenders District Council of Greater New York (the

"Union"), petition the Court to confirm an arbitration award against Preveza Construction Corp.

("Preveza"), invoking the Court's jurisdiction under 29 U.S.C. § 185.  For the reasons stated

below, the petitioners' motion is GRANTED.

## I. BACKGROUND

 The petitioners are all labor-related organizations that function for the benefit of masons

in the New York City area.  The Funds are employee benefit plans as defined by the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1002(3), based in New York City.  Decl. of

Haluk Savci ("Savci Decl."), Doc. 11 ¶¶ 3–4.  The Funds provide benefits to eligible workers

whose employers contribute to the Funds on their behalf, pursuant to collective bargaining

agreements between these employers and the Union.  *Id.* ¶ 3.  The Funds are established and maintained pursuant to the Amended and Restated Agreement and Declaration of Trust of each Fund (the "Trust Agreements") and are collectively administered by a Board of Trustees (the "Trustees" or the "Board").  *Id.*  The Trustees are comprised of Union and employer representatives pursuant to the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).  *Id.*  The Union is a labor organization based in New York.  *Id.* ¶ 5.  The respondent, Preveza, is a construction contractor that has employed workers affiliated with the petitioners.  *Id.* ¶ 7.  Its principal place of business is New York.  *Id.*

In July 2008, Preveza agreed to be bound to the terms and conditions of a "2009–2014 Project Labor Agreement" (the "PLA"), which covered construction for the New York City School Construction Authority (the "SCA").  Savci Decl. ¶ 7; Savci Decl. Ex. 1 ("Award") at 1. The PLA includes a requirement that Preveza make contributions to the Funds for work performed by Union members.  Savci Decl. ¶¶ 8, 11.  It also includes requirements concerning the inspection of Preveza's records, and it binds Preveza to the terms of the Trust Agreements, which prescribe specific procedures for collecting any delinquent fees owed to the Funds.  *Id.* ¶¶ 11–14.

The PLA binds the parties to the arbitration procedures outlined in the Trust Agreements. Suppl. Decl. of Haluk Savci ("Suppl. Savci Decl.") Art. 11 § 2(B).  While Article 9 of the PLA states that arbitrations are to proceed before either Richard Adelman or Richard C. Cooper, neither was used in the arbitration below.  *Id.* Ex. 1 art. 9.  However, according to the arbitration procedures and rules adopted by the Funds, Savci Decl. ¶ 15, the Board can appoint an arbitrator. Savci Decl. Ex. 4 § I(I).  Section 8 of Article IX of the Trust Agreements provides that the Board can take legal action to collect delinquent contributions to the Funds and "has the right, in its sole

and absolute discretion, to determine whether to initiate arbitration proceedings against a delinquent Employer."  Savci Decl. Ex. 3 art. IX § 8.  In delinquent contribution disputes, the Trust Agreements' arbitration procedure supersedes the grievance procedures established under the PLA.  Savci Decl. Ex. 4 § II.  Article IX of the Trust Agreements also provides for the following specified damages in any legal action the Funds commence:

> (a)  all Unpaid Contributions due and payable; plus
>
> (b)  interest on such Unpaid Contributions (computed in accordance with [the rate prescribed under section 6621 of Title 26 of the United States Code]); plus
>
> (c)  interest on the Unpaid Contributions as and for liquidated damages; plus
>
> (d)  all attorneys' fees and costs of the action, reasonable expenses attributable to any audit of the Employer's records with respect to Unpaid Contributions or payments, and any other related expenses; and
>
> (e)  such other legal or equitable relief as the court deems appropriate.

Savci Decl. Ex. 3 art. IX § 9.

After reviewing a payroll audit report prepared by Schultheis & Panettieri, LLP ("S&P") on January 2, 2014, the Funds discovered that Preveza failed to pay benefit contributions owed on behalf of its employees for the period January 1, 2009 through March 24, 2013.  Savci Decl. ¶ 21; Award at 2; Savci Decl. Ex. 7.  The Funds initiated arbitration proceedings before Joseph Harris, an arbitrator chosen by the Union.  Savci Decl. Ex. 6.  The Funds served Preveza with a Notice of Arbitration on August 7, 2014.  Savci Decl. ¶ 19.  On August 13, 2014, the arbitrator sent the Funds and Preveza notice of an arbitration hearing on September 11, 2014 via First Class mail that was not returned by USPS.  *Id.* ¶ 19; Award at 2.

The arbitrator convened the hearing on September 11, 2014.  Savci Decl. ¶ 20.  Preveza did not appear at the hearing, and the arbitrator found it to be in default.  *Id.* ¶ 20.  At the hearing, the Funds submitted the following documents:  the PLA, an affidavit by Preveza's president

3

affirming Preveza would be bound by the PLA (the "Sub-Contractor Affidavit of PLA"), a

payroll audit conducted by S&P for January 1, 2009 to March 24, 2013, two audit request letters

sent in 2013 and 2014 which Preveza did not respond to, and the most current deficiency report

with damages owed as of September 10, 2014.  Award.

On September 13, 2014, the arbitrator determined Preveza failed to make the requisite

payments to the Funds, and awarded the following damages to the petitioners:

| | |
|---|---:|
| Delinquent Contributions for Fringes ......................$ | 119,809.94 |
| Delinquent Contributions for Dues & PAC .............$ | 10,013.54 |
| Current Interest  ........................................................$ | 11,133.49 |
| Audit Cost (Imputed)  .............................................$ | 40,735.38 |
| ERISA Damages (20% of Outstanding Principal) ...$ | 23,961.99 |
| Legal Fees ................................................................$ | 500.00 |
| Pro-Rated Arbitrator Fees  ......................................$ | 1,100.00 |
| **TOTAL** ..................................................................$ | **207,254.34** |

Award at 2.

Preveza has not formally responded to the award,[1] nor has it moved to vacate or modify

the award.  Savci Decl. ¶ 23.  Accordingly, on September 11, 2015, the Funds asked this Court to

confirm the arbitrator's award and enter judgment in their favor for the amount awarded, plus

post-judgment interest at the statutory rate.[2]  Compl., Doc. 1 at 2.

---

[1] Since submitting their motion to confirm, the Funds have received nearly $50,000 from the SCA on Preveza's behalf for various jobs from the period of April 2009 through May 2015, although those payments were not identified by job as Preveza is no longer an operating entity.  Apr. 30, 2020 Status Letter, Doc. 15.  Approximately $20,000 has been documented and not allocated to the period covered by the arbitration award, and a remaining balance of $30,386.17 appears to apply to the period covered by the arbitration award, but the Funds have not received the necessary documentation to allocate this amount.  Aug. 7, 2020 Status Letter, Doc. 18.  The $30,386.17 has been placed in escrow on Preveza's behalf, and the Funds have stated that if the Court grants the motion to confirm, "any judgement would be diminished and credited as allocation documentation is received."  *Id*.

[2] In the Funds' complaint, they attest that the arbitrator overstated the liquidated damages due by $1,695.01 and requested judgment in the reduced amount of $205,254.34.  Compl. ¶¶ 19–21.  While the Funds' motion to confirm is for the full arbitration amount of $207,254.34, Doc. 10, the Court will only consider the reduced arbitration amount of $205,254.34 stated in their complaint, Compl. ¶ 21.

Although Preveza was served in this action, Doc. 5, it has not made an appearance before this Court.  On February 28, 2020, the Funds moved to confirm and enforce the September 13, 2014 arbitrator's award and enter a judgment against Preveza.  Doc. 10.

## II.   LEGAL STANDARDS

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court.  *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006).  The court is required to grant the award unless it is vacated, modified, or corrected.  *Id.* (quoting 9 U.S.C. § 9).  An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review."  *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal citation and quotation marks omitted).  It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  *D.H. Blair & Co.*, 462 F.3d at 110 (internal citation and quotation marks omitted).  In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on the merits.  *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal citation and quotation marks omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment."  *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for The Mason*

*Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) (internal quotation and alterations omitted) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record."). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal citation and quotation marks omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011)

(internal quotation marks omitted) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

## III.     THE ARBITRATION AWARD

The Court has conducted a limited review of the arbitration agreement entered into by the parties and the ensuing arbitration award.  The PLA specified that the parties were bound by the Trust Agreements regarding benefit payments.  Suppl. Savci Decl. Ex. 1 art. 11 § 2(B).  The agreement between the parties conferred to the Funds "the right, in its sole and absolute discretion, to determine whether to initiate arbitration proceedings against a delinquent Employer."  Savci Decl. Ex. 3 art. IX § 8.  The arbitration procedures adopted by the Funds permit the Board to agree to and appoint any arbitrator.  Savci Decl. Ex. 4 § II. ("Neutral Arbitrator shall mean the arbitrators agreed to and appointed by the Board of Trustees of the Fund[s] . . . .").  The procedures further state that arbitration hearings "shall begin promptly at the appointed time and shall proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement" and that the award decided upon by the arbitrator "shall be final."  Savci Decl. Ex. 4 §§ V(B), VI(B).

After providing notice via First Class mail to Preveza, Preveza failed to appear at the hearing, and the arbitrator found that it was in default.  Savci Decl. ¶ 20; Award at 2.  Despite the default, the arbitrator heard evidence from the petitioners detailing the PLA, the Sub-Contractor Affidavit of PLA, payroll audit report, audit request letters that were not responded to, and current deficiency report, which established that Preveza was delinquent in its payments to the Funds.  Savci Decl. ¶ 21; Award at 2.  There is no indication that this decision was made arbitrarily, that it exceeded the arbitrator's jurisdiction under the agreement, or that it was contrary to law.  *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil*

*Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").

Accordingly, the Court finds that based on the record provided, together with the appropriate narrow level of review, there is no disputed material issue of fact and the reduced arbitration award of $205,254.34 should be CONFIRMED. *See Landy*, 954 F.2d at 797 ("[A]n arbitration award should be enforced . . . if there is a barely colorable justification for the outcome reached." (internal citation and quotation marks omitted)).

## IV.   POST-JUDGMENT INTEREST

The petitioners also seek to recover post-judgment interest, which the Court grants on the full judgment amount pursuant to 28 U.S.C. § 1961(a). *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

## V.   CONCLUSION

For the reasons stated above, the petitioners' motion is GRANTED. The arbitration award is confirmed, and the Clerk of the Court is directed to enter judgment in favor of the petitioners in the amount of $205,254.34 against Preveza Construction Corp. This judgment shall accrue post-judgment interest as mandated in 28 U.S.C. § 1961. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 10, and close the case.

It is SO ORDERED.

Dated:   August 10, 2020
            New York, New York

Edgardo Ramos, U.S.D.J.